George L. de la Flor, Esq. (SBN 112488)
LAW OFFICES OF GEORGE L. DE LA FLOR
8355 La Mesa Boulevard
La Mesa, CA 91941
Telephone:   619-698-2926
Facsimile:   619-698-7540

L. Michael Wilson, Esq. (SBN 206149)
APOLLO LAW GROUP, APLC
555 W. Beech Street, Suite 215
San Diego, CA 92101
Telephone:   619-228-0151
Facsimile:   619-564-6751

Attorneys for Plaintiff
MICHAEL DIORIO

FILED

08 MAR -5 PM 3: 25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: CP       DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL DIORIO, an individual,

      Plaintiff,

vs.

THE COCA-COLA COMPANY, a Delaware Corporation; ENERGY BRANDS, INC., a New York Corporation and doing business as GLACEAU,

      Defendants.

Case No. '08 CV 0418 H CAB

**COMPLAINT AGAINST DEFENDANT THE COCA-COLA COMPANY AND ENERGY BRANDS, INC FOR:**

(1) Breach of Contract
(2) Quasi Contract-Unjust Enrichment
(3) Negligent Misrepresentation
(4) Promissory Estoppel
(5) Breach of Implied Covenant of Good Faith and Fair Dealing
(6) Fraud Deceit-Concealment/Intentional Misrepresentation
(7) Negligence
(8) Violations of Business and Professions Code Section 17200

**DEMAND FOR JURY TRIAL**

Plaintiff Michael Diorio alleges against Defendant The Coca-Cola Company and Defendant Energy Brands, Inc., doing business as Glaceau, as follows:

//

//

I.

# I.

# PARTIES

1. Plaintiff Michael Diorio is and at all times herein mentioned was an individual doing business in the County of San Diego and a citizen of the State of California.

2. Defendant The Coca-Cola Company (hereinafter referred to as COKE), on information and belief is, and at all times herein mentioned, was a Delaware Corporation, with its principle executive office in California located at One Coca Cola Plaza NW, Atlanta, Georgia 30313. COKE does business, and sells its products, in the state of California, County and City of San Diego.

3. Defendant Energy Brands Inc. (hereinafter referred to as "EBI"), on information and belief is, and at all times herein mentioned, was a New York Corporation, doing business under the fictitious business name, Glaceau, with its principal executive office located at 3761 Venture Drive, Ste 260, Duluth, Georgia, 30096. EBI operates and sells its products in the state of California, County and City of San Diego.

4. All agreements, obligations, breaches and violations of law thereof related to the matters set forth in this complaint all occurred in the State of California, County of San Diego.

5. The obligation sued upon is commercial in nature, is not subject to the provisions of C.C.P. Section 395(b) and is not based upon a retail installment sales contract or a conditional sales contract and thus is not subject to the provisions of either Civil Code Section 1812.10 or 2984.4.

6. At all times herein alleged, the Defendant(s), and each of them, were the agents, partners, officers, directors, managing agents or employees of all other Defendant(s), and in doing the acts herein alleged were acting within the scope of that authority as such agent, partner, officer, director, managing agent or employee.

//

## II.

## JURISDICTION

7. Plaintiff Michael Diorio, a natural person, is a citizen of the State of California. Defendant Energy Brands, Inc. is a corporation incorporated under the laws of the State of New York, and having its principal place of business in the State of New York. Defendant The Coca Cola Company is a corporation incorporated under the laws of the State of Delaware, and having its principal place of business in the State of Georgia. The amount in controversy exceeds $75,000, exclusive of interest and costs.

## III.

## FACTUAL ALLEGATIONS

8. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

9. On information and belief, in early 2000, one of the senior officers of Defendant, EBI, Mr. Michael Repolle actively recruited Plaintiff Michael Diorio for the Western Regional Sales Manager position at EBI. Mr. Repolle incessantly called Mr. Diorio insisting that Diorio take the position with EBI.

10. On or before April 25, 2000, by and through a document entitled "Job Offer," Defendant EBI offered Plaintiff Diorio an employment position as Director of Sales, in which Diorio accepted the offer by signing said document. Wherefore, on April 25, 2000, EBI and Diorio entered into the Employment Agreement and faxed EBI a copy of said agreement with his signature accepting its terms. (A true and correct copy of the Employment Agreement is attached hereto as Exhibit A, which is incorporated herein by reference)

11. In consideration for Diorio's employment, the terms of the written Employment Agreement

stated that EBI would pay Diorio an annual salary of $78,000, car allowance of $500.00 per month, cell phone allowance for up to $150.00 per month, a signing bonus payable with first paycheck for $5,000.00. The Employment Agreement also provided Diorio with family coverage health insurance, as well as a right to exercise up to 25,000 shares of stock in EBI, according to vesting schedule based on time of services provided to ESI.

12. The Employment Agreement specifically describes a personal stock option grant for Diorio. It states that Diorio, upon accepting employment with EBI, has the right to exercise 5000 shares at $2.50 per share, and 5,000 more shares following every year of employment with EBI for up to 5 years (25,000 shares total at $2.50 per share). The Employment Agreement is silent as to when Diorio must exercise the stock options.

13. The Employment Agreement does not reference any other clauses, contracts, agreements, purchase plans, and/or written instruments that might affect Diorio's rights and interests given under the Employment Agreement.

14. On or about April 25, 2000, Diorio became the Western Regional Sales Manager for EBI responsible for EBI sales activities throughout the entire western United States. Diorio, relying on the promises of EBI, left his well paying job and sacrificed his ability to vest his stock options with his prior company. Diorio continued employment with EBI for approximately six months thereafter, and fulfilled all other obligations under the Employment Agreement. EBI never notified Diorio about any other contracts, agreements, purchase plans, and/or written instruments that might affect Diorio's rights and interests given under the Employment Agreement.

15. On or about June 4, 2007, Diorio discovered that Defendant COKE had entered into a business transaction to acquire EBI. On June 4, 2007, Diorio, through counsel, immediately notified EBI of Diorio's intent to exercise his stock options. This notice was left on a voicemail for Mr. Joseph

DiSalvo, the General Counsel for EBI.

16. On June 8, 2007, Diorio attempted to exercise 5000 shares of EBI stock. Diorio tendered a check via overnight Federal Express delivery for $12,500 to EBI to acquire all 5000 shares at $2.50 per share.

17. On June 13, 2007, EBI informed Diorio's counsel that COKE completed their acquisition of EBI. However, EBI also disclosed that instead of exercising Diorio's stock options, EBI would determine whether Diorio could receive a "cash pay-out" for the value of Diorio's stock if in fact Diorio were able to exercise the stock options.

18. On June 7, 2007, COKE, by and through an Agreement and Plan of Merger dated May 24, 2007 (hereinafter sometimes referred to as the MERGER PLAN), did merge with EBI.

19. On information and belief, COKE paid approximately $4.2 billion to merge with EBI; more specifically, COKE paid approximately $379.00 per EBI common stock.

20. Under Section 2.7 of the MERGER PLAN, each and every EBI stock option, EBI common stock, and EBI equity plan is canceled at the time of merger for the right to receive a cash payment.

21. On July 6, 2007, in response to Defendants' failure to follow up with their determination of Diorio's interests, Diorio made a demand against EBI for the transfer of 5000 shares of stock pursuant to the Employment Agreement or compensation for the value of said shares pursuant to the MERGER PLAN.

22. On July 20, 2007, in response to Diorio's demand, EBI claimed that Defendants do not owe any payments to Diorio and that Diorio did not have a valid grant of options or claim because Diorio's options were granted under the Energy Brands' 1999 Employee Stock Option Plan (hereinafter sometimes referred to as the 1999 PLAN). EBI alleged that the 1999 PLAN states that stock options therein granted would expire if the option holder did not exercise and pay for the options within five

years after the date of grant. Moreover, EBI alleged that the under the 1999 PLAN, all options granted shall expire upon the option holders termination of employment. Wherefore, although the Employment Agreement and EBI during all relevant times were silent on the 1999 PLAN, Defendants denied and still deny Diorio of any claim of rights or interests relating to the 5000 shares of stock options granted under the Employment Agreement.

23. At all relevant times herein, Defendants failed to notify and instruct Diorio of the 1999 PLAN or the process in which Diorio could exercise his stock options. Defendants further failed to notify or instruct Diorio about the existence of the 1999 PLAN and the MERGER PLAN, or that either PLAN might affect Diorio's rights and interests in his option to purchase 5000 shares of EBI stock pursuant to the Employment Agreement.

24. Diorio, at all relevant times herein, reasonably and justifiably believed under the circumstances, that his rights and interests in the 5000 shares of stock options, granted under the Employment Agreement and purchase plan detailed therein, were and still are valid.

25. At all relevant times herein, Diorio has not received from the Defendants any transfer of shares of EBI stock, or any compensation or benefit relating to the 5000 shares of stock options granted under the Employment Agreement. However, Diorio has conferred to Defendants employment benefits as well as benefits relating to the 5000 shares of EBI stock.

## FIRST CAUSE OF ACTION

### (Breach of Employment Agreement)

26. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

27. On or about April 25, 2000, Plaintiff Diorio and Defendant EBI entered into the aforementioned written Employment Agreement wherein the parties agreed that Diorio would assume

employment for EBI. In return for Plaintiff's employment, EBI agreed to give Plaintiff stock options for 5000 shares of EBI's stock, effective upon Plaintiff's acceptance of the agreement.

28. Diorio has performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the Employment Agreement.

29. On or about June 4, 2007, Diorio requested that Defendants perform their obligations under the Employment Agreement, more specifically, to transfer 5000 shares of EBI stock to Diorio pursuant to his right to exercise stock options for 5000 shares under the Employment Agreement.

30. Sometime after June 4, 2007, Defendants breached the contract (providing written notice of their breach on or about July 20, 2007) by failing to honor the agreement to provide Diorio with the aforementioned 5000 shares of stock in EBI and/or failing to provide Diorio with a cash payout as per the merger agreement between COKE and EBI, amongst other acts enumerated herein.

31. As a result of Defendant EBI's breach, Plaintiff was caused damages in an amount according to proof at trial, plus prejudgment interest according to proof, but in no event less than $1,895,000.

## SECOND CAUSE OF ACTION

### (Quasi-Contract/Unjust Enrichment)

32. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

33. On April 25, 2000, Plaintiff Diorio established an employment relationship with EBI where the parties agreed that Diorio would assume employment for EBI. In return for Plaintiff's Employment, EBI agreed to give Plaintiff stock options for 5000 shares of EBI's stock, effective upon Plaintiff's acceptance of the agreement.

34. On or about April 25, 2000, Diorio in fact accepted the terms of the agreement, left his prior good paying job with stock options benefits, and assumed employment with EBI, whereby Defendant EBI received value from Plaintiff's employment.

35. EBI thus became obligated to afford Plaintiff his rights and/or interests to the 5000 shares of stock in EBI, whereby failure to provide said shares of stock would result in the Defendants Unjust Enrichment.

36. On July 6, 2007, Plaintiff made a demand to exercise the options for 5000 shares of EBI stock. Despite Diorio's demand, Defendants failed and refused to honor the employment agreement, and retained the benefits of the stock for themselves.

37. Wherefore, Defendants EBI and COKE are unjustly enriched and as a result caused Plaintiff Damages and/or owes Plaintiff an amount according to proof at trial, plus prejudgment interest and costs according to proof, however, in no event less than the sum of $1,895,000.

### THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

38. Plaintiff hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

39. On or about April 25, 2000, EBI represented to plaintiff Diorio that he would be hired and as part of his incentive to switch employers, he would be granted the right to receive 5000 shares of stock without any time limitation included and that said stock option would be granted to him upon signing with employment agreement EBI.

40. The representations made by the defendant were in fact false. The true facts were that EBI has placed a limitation on the right of Plaintiff to exercise his stock options, however, EBI never informed Diorio of these facts.

41. When EBI made these representations, it had no reasonable ground for believing them to be true in that EBI knew or reasonably should have known that they had placed a limitation on Diorio's right to exercise his stock options pursuant to the employment agreement.

42. EBI made these representations with the intention of inducing the plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the expectation that the plaintiff would so act.

43. As a proximate result of the negligent conduct of the EBI as herein alleged, the plaintiff has been damaged an amount according to proof at trial, plus prejudgment interest and costs according to proof, however, in no event less than the sum of $1,895,000.

## FOURTH CAUSE OF ACTION

### (Promissory Estoppel)

44. Plaintiff hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

45. On or about April 25, 2000, Defendant EBI promised to hire Diorio. In return for Plaintiff's employment, EBI promised to give Plaintiff stock options for 5000 shares of EBI's stock, effective upon Plaintiff's acceptance of the agreement, among other promises mentioned above. On or about April 25, 2000, Diorio in fact accepted the offer containing the promises of EBI, left his prior good paying job with stock options benefits, and assumed employment with EBI, whereby Defendant EBI received value from Plaintiff's employment.

46. In so doing, EBI knew or should have known that Diorio would be reasonably induced to rely on EBI's representation by accepting employment with EBI.

47. Diorio reasonably relied on EBI's representation and was induced to accept employment with EBI.

48. EBI has not performed part of its representation in that it would provide 5000 shares of stock in EBI upon Diorio's exercise of the stock options which were a part of EBI's promises.

49. As a proximate result of EBI's failure to perform according to the representation that it made to Diorio, Diorio has been unable to gain possession of his promised 5000 shares of EBI stock, the plaintiff has been damaged an amount according to proof at trial, plus prejudgment interest and costs according to proof, however, in no event less than the sum of $1,895,000.

50. Injustice can be avoided only by enforcing defendant's promise completely.

## FIFTH CAUSE OF ACTION

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

51. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

52. The Employment Agreement referred to above contained an implied covenant of good faith and fair dealing, which obligated Defendants to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all of the conditions of the contract that he/she agreed to perform, or any act that would deprive Diorio of the benefits of the contract.

53. Diorio performed all the duties and conditions of the employment agreement.

54. Defendants knew that Diorio had fulfilled all his duties and conditions under the contract.

55. Defendants breached the implied covenant of good faith and fair dealing under the employment agreement by, among other actions, refusing to permit Diorio to exercise his right to receive 5000 shares of stock through Diorio's tender of the exercise price for the 5000 shares as required by the agreement, and Defendants conduct was accomplished against plaintiff intentionally, maliciously, and

without probable cause, in bad faith and for reasons extraneous to the contract. Namely, Defendant EBI, upon learning of Diorio's exercise of his options concocted a false premise in which to deny Diorio his rights by claiming that Diorio's stock option grant was governed by the 1999 Employee Stock Option Plan when in fact, Diorio's stock was never a part of that plan and Defendant EBI knew their representations to this effect were false when so presented.

56. Defendants further breached the implied covenant of good faith and fair dealing by violating and failing to follow its own policies by failing to inform Diorio of the 1999 Plan, failing to properly approve Diorio's stock option grant through proper corporate formalities, failing to notify Diorio fully of his rights under the Plan, and concealing the existence of the Plan from Diorio thereby preventing Diorio from exercising his rights under the Plan, if there in fact was a Plan governing Diorio's stock option grant.

57. Defendant further breached the implied covenant of good faith and fair dealing by depriving Diorio of his 5000 shares of EBI stock or the equivalent cash payout pursuant to the merger agreement.

58. As a proximate result of Defendants' breach of the implied covenant of good faith and fair dealing, Diorio has suffered, and continues to suffer, losses and has been damaged in an amount according to proof at trial, plus prejudgment interest and costs according to proof, however, in no event less than the sum of $1,895,000. As a further proximate result of defendant's breach of the implied covenant of good faith and fair dealing, Diorio has incurred reasonable attorney's fees in attempting to secure the benefits owed to him under the Employment Agreement.

### NINTH CAUSE OF ACTION

**(Fraud and Deceit-Concealment/Intentional Misrepresentation)**

59. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this

complaint as if set forth fully herein.

60. Defendants EBI and COKE and/or their agents and employees, while acting within the course and scope of their employment, intentionally and knowingly made promises orally and in writing before and upon entering into the employment agreement with Plaintiff Diorio regarding the nature of the stock options grant and other representations as stated herein, so as to induce the Plaintiff Diorio to believe he would be allowed to exercise his stock option grant at his will.

61. On or about April 25, 2000, and through July 20, 2007, EBI failed and omitted to disclose any information concerning its 1999 Employee Stock Option Plan to Plaintiff Diorio. Further, EBI represented to Diorio that he would be entitled to stock options for 5000 shares of EBI stock upon signing and entering into the employment agreement. Implicit in EBI's contractual representations was Diorio's right to exercise those options without limitation. Defendants, at all times relevant herein and as alleged, acted to conceal and otherwise seek to hide from the Plaintiff the intentional misrepresentations, omissions, false statements of fact, and false promises made by the Defendants.

62. The plaintiff, at the time these misrepresentations, failures to disclose and suppressions of facts occurred, and at the time the plaintiff took the actions herein alleged, was ignorant of the existence of the facts that the defendant suppressed and failed to disclose or misrepresented. If the plaintiff had been aware of the existence of the facts misrepresented or not disclosed by the defendant, the plaintiff would not have, as he did, accepted employment with EBI and taken the risk of working for EBI in order to gain the offered stock options.

63. DEFENDANTS' acts enumerated above were done with the intent to injure, vex, and annoy PLAINTIFFS such as to constitute oppression, fraud or malice under California Civil Code §3294, entitling PLAINTIFFS to punitive damages in an amount appropriate to punish and make an example of DEFENDANTS.

64. As a proximate result of Defendants' misrepresentations, omissions, false statements of fact, and false promises made by the Defendants, Diorio has suffered, and continues to suffer, losses and has been damaged in an amount according to proof at trial, plus prejudgment interest and costs according to proof, however, in no event less than the sum of $1,895,000. As a further proximate result of defendant's acts, Diorio has incurred reasonable attorney's fees in attempting to secure the benefits owed to him under the Employment Agreement.

### TENTH CAUSE OF ACTION

### (Negligence)

65. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

66. On or about April 25, 2000, Diorio was an employee of EBI placing him in class of persons to whom defendant owed a duty.

67. On and after April 25, 2000, Defendant EBI was required to notify Diorio of any and all facts and circumstances relevant to his stock option grant pursuant to the employment agreement alleged herein.

68. Throughout Diorio's employment and thereafter, Defendants negligently failed to disclose all relevant facts and circumstances related to his Stock Option grant, among other acts mentioned herein, and directly and legally caused the injuries and damages described below.

69. As a direct and legal result of the negligence of Defendants,

70. As a further direct and legal result of the negligence of Defendants, Diorio has suffered, and continues to suffer, losses and has been damaged in an amount according to proof at trial, plus prejudgment interest and costs according to proof, however, in no event less than the sum of $1,895,000.

As a further proximate result of defendant's acts, Diorio has incurred reasonable attorney's fees in attempting to secure the benefits owed to him under the Employment Agreement.

## SEVENTEENTH CAUSE OF ACTION

### (Violations of Business and Professions Code Section 17200)

71. Plaintiff Michael Diorio hereby re-alleges all preceding and subsequent paragraphs of this complaint as if set forth fully herein.

72. Defendant(s) engage in business practices, offer their goods and services for sale, and advertise their services within the jurisdiction of the State of California. As such, Defendants have a duty to comply with the provisions of the Unfair Business Practices Act as set forth in Business & Professions Code sections 17200, et seq., which Act prohibits, inter alia, unlawful, unfair, and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising by any person, firm, corporation, or association within the jurisdiction of the State of California.

73. Defendants' actions mentioned herein are unlawful, unfair, and fraudulent. The misrepresentations and secretive conduct present a continuing threat to Diorio as well as members of the General Public. Defendants entered into a MERGER PLAN without notifying Diorio of the MERGER PLAN, Defendants refuse to afford Diorio with his rights and interests according to the Employment Agreement and MERGER PLAN, and Defendants have been unjustly enriched and caused damages according to proof at trial, but no less than $1,895,000, due to their conduct. By violating the law, and by failing to take appropriate measures to address these violations, Defendants' acts constitute unfair business practices under Business and Professions Code section 17200, et. seq.

74. As a direct, foreseeable, and proximate result of Defendants' acts and omissions alleged herein, Defendants have been unjustly enriched as a result of their unfair business acts and practices. Diorio therefore requests restitution of all the profits and other benefits which have been wrongfully

obtained by these practices, in an amount according to proof at time of trial, but in excess of the minimum jurisdiction of this Court.

75. Pursuant to Business & Professions Code § 17203, Diorio further request an injunction prohibiting Defendants from continuing to violate the above referenced laws, rules, and regulations, and to make such orders or judgments, including the appointment of a receiver, as may be necessary to restore to Diorio any money or property which may have been acquired by Defendants by means of such unfair business acts and practices.

## PRAYER

WHEREFORE, Plaintiff Michael Diorio prays for damages in law and/or in equity and recovery against Defendants, and each of them, jointly and severally. He is also entitled to receive imputed interest on claim. The appropriate "make-whole" amount for the Plaintiff is as follows:

WHEREFORE, Plaintiff Diorio requests judgment against Defendants, and each of them, jointly and severally, as follows:

1. For the principal sum of $1,895,000;

2. Pre-judgment interest;

3. Attorney's Fees;

4. Costs of suit;

5. Punitive or exemplary damages in an amount sufficient to punish Defendants;

6. Disgorgement of all Defendants' ill-gotten gains and profits, and

7. For such other relief as the Court may deem proper.

SIGNATURES ON FOLLOWING PAGE:

1

Dated: March 5, 2008                                APOLLO LAW GROUP, APLC

*[signature]*

L. Michael Wilson, Esq.
*Attorney for Plaintiff*
Michael Diorio

DIORIO DEMANDS A TRIAL BY JURY:

Dated: March 5, 2008                                APOLLO LAW GROUP, APLC

*[signature]*

L. Michael Wilson, Esq.
*Attorney for Plaintiff*
Michael Diorio

# ≫ENERGYBRANDS

17-20 Whitestone Expressway Whitestone NY 11357  718 746 0087  Fax 718 746 6282  Email: obi@energybrands.com

April 25, 2000

T.O:       Mike Diorio
FROM:      Mike Repole
SUBJECT:   Job Offer

Energy Brands would take great pleasure in having you as a member of our team. We would like to extend our offer to you to become our Director of Sales - Western Division.

The terms of the offer are as follows:

- Base Salary:          $78,000.00 annually
- Bonus: Level 1        15% of salary
         Level 2        30% of salary
         Level 3        45% of salary

- Stock options:        25,000 shares at an option price of $2.60/share
                        5,000 - upon signing
                        5,000 - after 1 year
                        5,000 - after 2 years
                        5,000 - after 3 years
                        5,000 - after 4 years

- Car Allowance:        $500.00 per month to cover automobile, maintenance, repairs and insurance

- Health Insurance:     Family Coverage to be provided

- Vacation:             3 Weeks

- Expenses:             To include business related phone and fax lines for home office, a corporate credit card for business related expenses only and coverage up to $150.00 per month for a business cell phone.

- Signing Bonus         $5,000.00 payable with first paycheck.

We look forward to working closely with you to build this exciting venture.

We are confident it will be a mutually rewarding experience.

Sincerely,

MIKE REPOLE
Vice President DSD Sales

CC: J. Darius Bikoff, Frank Bombaci

Accepted

*[signature]*
Mike Diorio

4/28/2000
Date

glacéau water+  GO-GO

EXHIBIT 1

ATTACHMENT TO CIVIL CASE COVER SHEET

1) ADDITIONAL ATTORNEYS
   a. George L. de la Flor, Esq (SBN 112488)
      Law Office of George L. de la Flor,
      8355 La Mesa Blvd., La Mesa, CA 91941
      Phone: (619) 698-2926
      Fax: (619) 698-7540

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DIORIO, MICHAEL

**DEFENDANTS**
THE COCA COLA COMPANY; ENERGY BRANDS, INC. dba GLACEAU

(b) County of Residence of First Listed Plaintiff: Riverside, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Gwinnett, Georgia
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED 08 MAR -5 PM 3:23

(c) Attorney's (Firm Name, Address, and Telephone Number)
L. Michael Wilson, Apollo Law Group, APLC, 555 W Beech St., Ste. 215, San Diego, CA 92101; (619) 228-0151--See Attachment

Attorneys (If Known)
'08 CV 0418 H CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332

Brief description of cause:
Breach of Contract and Equitable Claims for Failure to Perform Employment Contract re Stock Options

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE
DOCKET NUMBER

DATE: 03/05/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 148431    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

sa 3/5/08

CR

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

       # 148431      - SH
       * * C O P Y * *
        March 05, 2008
           15:25:51


        Civ Fil Non-Pris
    USAO #.: 08CV0418
    Judge..: MARILYN L HUFF
    Amount.:              $350.00 CK
    Check#.: BC5262



    Total-> $350.00


    FROM: DIORIO V. THE COCA COLA CO
```