| | |
|---|---|
| 1 | **KIRKPATRICK & LOCKHART** |
| 2 | **PRESTON GATES ELLIS** LLP |
|   | 10100 Santa Monica Boulevard |
| 3 | Seventh Floor |
|   | Los Angeles, California  90067 |
| 4 | Telephone: 310.552.5000 |
|   | Facsimile: 310.552.5001 |

5  Christopher J. Kondon (SBN 172339)
   Bradley W. Gunning (SBN 251732)
6
7  Attorneys for Defendants The Coca-Cola
   Company and Energy Brands, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DIORIO, an individual, | Case No. 08 CV 0418 H CAB |
| Plaintiff, | |
| vs. | **ANSWER OF DEFENDANTS THE COCA-COLA COMPANY AND ENERGY BRANDS, INC. TO COMPLAINT** |
| THE COCA-COLA COMPANY, a Delaware corporation; ENERGY BRANDS, INC., a New York corporation and doing business as GLACEAU, | |
| Defendants. | |

LA-234438 v1                                              RECYCLED PAPER

Defendants The Coca-Cola Company and Energy Brands, Inc. ("Defendants") hereby answer the Complaint of Plaintiff Michael Diorio as follows:

## RESPONSE TO PARTIES

1. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore deny such allegations.

2. Defendants admit the allegations of paragraph 2.

3. Defendants admit the allegations of paragraph 3.

4. Defendants deny the allegations of paragraph 4.

5. Paragraph 5 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 5 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 5 and therefore deny such allegations.

6. Defendants deny the allegations of paragraph 6.

## RESPONSE TO JURISDICTION

7. Defendants admit that Plaintiff Michael Diorio is a natural person, are without knowledge sufficient to form a belief as to the truth or falsity of the allegations regarding Diorio's citizenship, and therefore deny such allegations. Defendants admit the allegations regarding their states of incorporation and principal places of business. Defendants deny that the amount in controversy in this action exceeds $75,000.

## RESPONSE TO FACTUAL ALLEGATIONS

8. In response to paragraph 8, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

9. Defendants deny the allegations of paragraph 9.

10. Defendants deny that the April 25, 2000 document at issue is entitled "Job Offer," and further deny that said document is entitled, or constitutes, the "Employment Agreement." Defendants further deny that Energy Brands offered Diorio the position of Director of Sales. Defendants admit that Plaintiff accepted

employment with Energy Brands. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 10, and therefore deny such allegations.

11. Defendants deny that the document alleged in paragraph 11 is the "Employment Agreement." Defendants aver that the document in question speaks for itself. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 11, and therefore deny such allegations.

12. Defendants deny that the document alleged in paragraph 12 is the "Employment Agreement." Defendants aver that the document in question speaks for itself. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 12, and therefore deny such allegations.

13. Defendants deny that the document alleged in paragraph 13 is the "Employment Agreement." Defendants aver that the document in question speaks for itself.

14. Defendants admit that Plaintiff began employment with Energy Brands on or about April 25, 2000. Defendants deny that Plaintiff continued employment for approximately six months, and deny that he was not notified of written instruments or otherwise notified of restrictions and rules affecting his employment and any compensation or benefits, including purported stock options, due to him thereunder. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 14, and therefore deny such allegations.

15. Defendants deny that Plaintiff properly notified Energy Brands of his intent to exercise his purported stock options, and deny that Plaintiff held any stock options on June 4, 2007. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 15, and therefore deny such allegations.

16. Defendants deny that Plaintiff properly attempted to exercise his purported stock options of Energy Brands stock, and deny that Plaintiff held any stock options on June 8, 2007. Defendants admit that Plaintiff tendered what was purportedly a check for $12,500 to Energy Brands. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of any remaining allegations of paragraph 16, and therefore deny such allegations.

17. Defendants deny the allegations of paragraph 17.

18. Defendants admit the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Paragraph 20 contains only legal contentions to which Defendants need not respond. Defendants aver that the document alleged in paragraph 20 speaks for itself.

21. Defendants admit that Plaintiff sent a demand letter dated July 6, 2007 to Energy Brands. Defendants aver that said document speaks for itself.

22. Defendants admit responding in writing to Plaintiff on July 20, 2007. Defendants aver that said written response speaks for itself. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 22, and therefore deny such allegations.

23. Defendants deny the allegations of paragraph 23.

24. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24, and therefore deny such allegations.

25. Defendants admit that no transfer of Energy Brands stock was made to Plaintiff, and deny the remaining allegations of paragraph 25.

## RESPONSE TO FIRST CAUSE OF ACTION
### (Breach of Employment Agreement)

26. In response to paragraph 26, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

27. Paragraph 27 contains only legal conclusions to which Defendants need not respond. To the extent a response is required, Defendants deny the allegations of paragraph 27 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 27 and therefore deny such allegations.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Paragraph 30 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 30 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 30 and therefore deny such allegations.

31. Paragraph 31 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 31 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 31 and therefore deny such allegations.

## RESPONSE TO SECOND CAUSE OF ACTION
### (Quasi-Contract/Unjust Enrichment)

32. In response to paragraph 32, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

33. Defendants admit that Plaintiff commenced employment with Energy Brands on or about April 25, 2000. Defendants deny the remaining allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Paragraph 35 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 35 to the extent they are directed to Defendants, and are without

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 35 and therefore deny such allegations.

36. Defendants deny the allegations of paragraph 36.

37. Paragraph 37 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 37 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 37 and therefore deny such allegations.

### RESPONSE TO THIRD CAUSE OF ACTION
### (Negligent Misrepresentation)

38. In response to paragraph 38, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

39. Defendants deny the allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

43. Paragraph 43 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 43 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 43 and therefore deny such allegations.

### RESPONSE TO FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

44. In response to paragraph 44, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

45. Defendants deny the allegations of paragraph 45.

46. Paragraph 46 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations

of paragraph 46 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 46 and therefore deny such allegations.

47. Paragraph 47 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 47 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 47 and therefore deny such allegations.

48. Defendants deny the allegations of paragraph 48.

49. Paragraph 49 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 49 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 49 and therefore deny such allegations.

50. Paragraph 50 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 50 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 50 and therefore deny such allegations.

**RESPONSE TO FIFTH CAUSE OF ACTION**

**(Breach of Implied Covenant of Good Faith and Fair Dealing)**

51. In response to paragraph 51, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

52. Paragraph 52 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 52 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 52 and therefore deny such allegations.

53. Defendants deny the allegations of paragraph 53.
54. Defendants deny the allegations of paragraph 54.
55. Defendants deny the allegations of paragraph 55.
56. Defendants deny the allegations of paragraph 56.
57. Defendants deny the allegations of paragraph 57.
58. Paragraph 58 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 58 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 58 and therefore deny such allegations.

## RESPONSE TO SIXTH CAUSE OF ACTION[1]
### (Fraud and Deceit-Concealment/Intentional Misrepresentation)

59. In response to paragraph 59, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.
60. Defendants deny the allegations of paragraph 60.
61. Defendants deny the allegations of paragraph 61.
62. Paragraph 62 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 62 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 62 and therefore deny such allegations.
63. Defendants deny the allegations of paragraph 63.
64. Paragraph 64 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 64 to the extent they are directed to Defendants, and are without

---

[1] Plaintiff's Sixth Cause of Action is erroneously entitled "Ninth Cause of Action."

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 64 and therefore deny such allegations.

### RESPONSE TO SEVENTH CAUSE OF ACTION[2]

**(Negligence)**

65. In response to paragraph 65, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

66. Defendants admit that Plaintiff was an employee of Energy Brands on or about April 25, 2000. Defendants deny the remaining allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Paragraph 69 appears to be incomplete and contains no factual allegations. Defendants deny acting negligently, and deny any remaining allegations of paragraph 69.

70. Paragraph 70 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 70 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 70 and therefore deny such allegations.

### RESPONSE TO EIGHTH CAUSE OF ACTION[3]

**(Violation of Business and Professions Code Section 17200)**

71. In response to paragraph 71, Defendants hereby reallege and reincorporate their responses to the preceding paragraphs as if fully set forth herein.

72. Paragraph 72 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 72 to the extent they are directed to Defendants, and are without

---

[2] Plaintiff's Seventh Cause of Action is erroneously entitled "Tenth Cause of Action."

[3] Plaintiff's Eighth Cause of Action is erroneously entitled "Seventeenth Cause of Action."

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 72 and therefore deny such allegations.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Paragraph 75 contains only legal contentions to which Defendants need not respond. To the extent any response is required, Defendants deny the allegations of paragraph 75 to the extent they are directed to Defendants, and are without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 75 and therefore deny such allegations.

## RESPONSE TO PRAYER

Defendants aver that the remaining paragraphs of Plaintiff's complaint contain only legal conclusions to which Defendants need not respond. To the extent any response is required, Defendants deny any allegations contained in Plaintiff's prayer for relief.

Defendants set forth the following affirmative defenses:

## DEFENDANTS' AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

### Second Affirmative Defense

The complaint, and each cause of action alleged therein, is barred by an accord and satisfaction.

### Third Affirmative Defense

The complaint, and each cause of action alleged therein, is barred by the doctrine of laches.

### Fourth Affirmative Defense

The complaint, and each cause of action alleged therein, is barred by the doctrine of waiver.

<u>Fifth Affirmative Defense</u>

The complaint, and each cause of action alleged therein, is barred by the doctrine of estoppel.

<u>Sixth Affirmative Defense</u>

The complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

<u>Seventh Affirmative Defense</u>

The complaint, and each cause of action alleged therein, is barred by a failure of consideration.

<u>Eighth Affirmative Defense</u>

The complaint, and each cause of action alleged therein, is barred by Plaintiff's fraud.

<u>Ninth Affirmative Defense</u>

The complaint, and each cause of action alleged therein, is barred by the illegality of the alleged transaction.

<u>Tenth Affirmative Defense</u>

The complaint, and each cause of action alleged therein, is barred by the applicable statutes of limitations, including but not limited to 29 U.S.C. section 255, California Code of Civil Procedure sections 338, 339 and 340, California Labor Code sections 203 and 2699, *et seq.*, and California Business and Professions Code section 17208.

<u>Eleventh Affirmative Defense</u>

The relief requested by Plaintiff pursuant to California Business and Professions Code §§ 17200, *et seq.,* violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### Twelfth Affirmative Defense

Plaintiff is precluded from obtaining the relief sought in the complaint, either in whole or in part, because at all times Defendants acted in good faith reliance upon federal and/or state regulations, laws, ordinances policies or practices.

### Thirteenth Affirmative Defense

Defendants are not liable for unfair business practices pursuant to California Business and Professions Code §§ 17200, *et seq.*, because they did not violate any underlying state or federal law.

### Fourteenth Affirmative Defense

Defendants are not liable for unfair business practices pursuant to California Business and Professions Code §§ 17200, *et seq.*, because their business practices were neither unfair, nor deceptive, nor likely to mislead anyone.

### Fifteenth Affirmative Defense

The complaint, and each cause of action alleged therein, is barred because Plaintiff failed to make reasonable efforts to mitigate his damages, if any, as required by law.

### Sixteenth Affirmative Defense

To the extent that Plaintiff has failed to satisfy conditions precedent prior to filing suit, his claims are barred as a matter of law.

### Seventeenth Affirmative Defense

Plaintiff has failed to fully and properly exhaust the necessary administrative procedures required prior to filing suit, and therefore such claims are barred as a matter of law.

### Additional Affirmative Defenses

Defendants have insufficient information upon which to form a belief as to whether they may have additional unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery indicates that they are appropriate.

# PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing by reason of his complaint, that judgment be rendered in favor of Defendants;
2. That Defendants be awarded their costs of suit and reasonable attorneys' fees incurred in defense of this action; and
3. For such other relief as the Court deems proper.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP

Dated:  March 27, 2008

By:  s/Christopher J. Kondon
Christopher J. Kondon
Bradley W. Gunning
Attorneys for Defendants The Coca-Cola Company and Energy Brands, Inc.

# PROOF OF SERVICE

*[Michael Diorio v. The Coca-Cola Company, et al. – 08 CV 0418 H CAB]*

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Boulevard, Seventh Floor, Los Angeles, California 90067.

On March 27, 2008, I caused the foregoing document described as:

**ANSWER OF DEFENDANTS THE COCA-COLA COMPANY AND ENERGY BRANDS, INC. TO COMPLAINT**

to be served on all interested parties in this action:
☒ **BY ELECTRONIC SERVICE**: the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system on March 27, 2008, which sent notification of such filing to the following:

**Attorneys for Plaintiff**

George L. de la Flor, Esq.
Law Offices of George L. de la Flor
8355 La Mesa Boulevard
La Mesa, CA  91941
Tel:  619-698-2926; Fax:  619-698-7540

L. Michael Wilson, Esq.
Apollo Law Group, APLC
555 W. Beech Street, Suite 215
San Diego, CA 92101
Tel:  619-228-0151; Fax:  619-564-6751

I declare under penalty of perjury under the laws of the United States and the State of California that the above is true and correct.  Executed on March 27, 2008, at Los Angeles, California.

By:  s/Christopher J. Kondon
Christopher J. Kondon