1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10
11 | MICHAEL DIORIO, an individual,

12 |                                    Plaintiff,

    |              vs.

13 | COCA-COLA COMPANY, a Delaware

14 | corporation; ENERGY BRANDS, INC., a
    | New York Corporation, d/b/a GLACEAU,

15 |

    |                                    Defendants.

16

**CASE NO. 08-CV-00418-H (CAB)**

**ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

17
18
19
20
21
22
23
24

   Plaintiff Michael Diorio ("Diorio") filed a complaint against his former employer
Defendant Energy Brands, Inc. ("EBI") and against EBI's purchaser, Defendant Coca-Cola
Company ("Coke") on March 5, 2008.  (Doc. No. 1, Compl.)  On January 25, 2009,
Defendants filed a motion for summary judgment.  (Doc. No. 20.)  Plaintiff filed a response
in opposition on February 9, 2009.  (Doc. Nos. 24–27.)  Defendants filed a reply on February
13, 2009.  The Court held a hearing on the matter on February 23, 2009. L. Michael Wilson
appeared on behalf of Diorio. Christopher Carton, Bradley Gunning, and Joseph De Salvo
appeared on behalf of EBI and Coke.

25

   For the reasons set forth below, the Court grants Defendants' motion.

26

## Background

27
28

   Plaintiff filed this action arising out of a dispute over stock options granted in an
employment agreement for: (1) breach of contract; (2) quasi contract-unjust enrichment; (3)

08cv418

negligent misrepresentation; (4) promissory estoppel; (5) breach of implied covenant of good faith and fair dealing; (6) fraud deceit-concealment/intentional misrepresentation; (7) negligence; and (8) violation of California Business & Professions Code § 17200. (Compl.) Defendants move for summary judgment on all of Plaintiff's causes of action. (Doc. No. 20.)

Defendants contend that all of Plaintiff's causes of action are barred by the applicable statutes of limitations because Diorio's causes of action accrued in 2000. (Doc. No. 20 at 3–6.) EBI granted Diorio an option to purchase 5,000 shares of stock at $2.50 per share upon signing of a one page job offer letter ("Offer Letter") in April 2000. (Id. Ex. I.) Diorio was told when he left the company in October 2000 that he would not get any stock options. (Id.) Plaintiff contends that the statute of limitations has not run because his causes of action did not accrue until he unsuccessfully attempted to exercise the options seven years after he left the company and EBI denied his claim. (Doc. No. 24 at 6.)

Defendants alternatively argue that Plaintiff's causes of action based upon the written agreement of the Offer Letter must fail because the options granted to Plaintiff expired before Plaintiff attempted to exercise in 2007. (Doc. No. 20 at 6–7.) Defendants assert that EBI's 1999 Employee Stock Option Plan (the "Plan") supplied the terms of the options granted to Plaintiff in the Offer Letter and that the Plan provides that options terminate upon the termination of employment and otherwise terminate in five years from the date of the grant. (Id.) Plaintiff argues that he never knew about the 1999 Plan until 2007 and because the Offer Letter is silent as to the time in which to exercise, he had a reasonable time to do so. (Doc. No. 24 at 6–7, 13.) Defendants reply that even if the 1999 Plan does not control and Plaintiff had a reasonable time to exercise, his attempt to exercise in 2007 was not within a reasonable time and the options had expired. (Doc. No. 29 at 8–9.)

Defendants also contend that even if Plaintiff had valid options in 2007, Plaintiff's causes of action based on the written Offer Letter fail because the Merger Plan between EBI and Coke cancelled all EBI stock on June 7, 2007, and Plaintiff did not attempt to exercise his option to buy stock until June 8, 2007. (Doc. No. 20 at 13–15.) Defendants similarly assert that the Merger Plan precludes Plaintiff's claim for a cash payout because his Offer Letter is

not one of the listed Company Equity Plans in the Merger Plan giving rise to a right to a cash payout.  (Doc. No. 20 at 8–9.)  Plaintiff argues that he had valid options in 2007 and that they did not cease to exist after the merger because all of EBI's liabilities became Coke's liabilities. (Doc. No. 24 at 19–20.)

## Discussion

### I.   Summary Judgment - Legal Standard

Federal Rule of Civil Procedure 56 governs summary judgment.  Section (b) provides that "a party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."  FED. R. CIV. P. 56(b).  A motion for summary judgment should not be granted unless the pleadings, affidavits and evidence on file present "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  "Summary judgment should be granted where the evidence is such that it would require a directed verdict for the moving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Thus, "Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

### A.  Statute of Limitations and Time to Exercise

Defendants contend that the applicable statutes of limitations for all of Plaintiff's causes of action bars his suit and entitles them to summary judgment and additionally that the time to exercise any options granted to Diorio has expired.  (Doc. No. 20 at 3–7.)  Under California law, an action must be commenced within the prescribed limitations period "after the cause of action shall have accrued."  CAL. CODE CIV. PROC. § 312.  A cause of action accrues when the wrongful act is done and the consequent liability arises.  Norgart v. Upjohn Co., 21 Cal.4th 383, 397 (1999).  Under the discovery rule, a cause of action accrues when the plaintiff has reason to believe he or she has been wronged.  Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1110 (1988).

1     **1.  Breach of Contract, Quasi Contract-Unjust Enrichment, Promissory Estoppel,**

2 **Breach of the Implied Covenant of Good Faith and Fair Dealing, Negligence**

3       Plaintiff's causes of action for breach of contract, quasi contract-unjust enrichment,

4 promissory estoppel, breach of implied covenant of good faith and fair dealing, and negligence

5 are all actions "upon any contract, obligation or liability founded upon an instrument in

6 writing," and are therefore subject to a four year statute of limitations.  CAL. CODE CIV. PRO.

7 § 337.

8       The Court concludes that the statute of limitations has run on Diorio's causes of action

9 for breach of contract, quasi contract-unjust enrichment, promissory estoppel, breach of the

10 implied covenant of good faith and fair dealing, and negligence and that the time to exercise

11 the options has expired.  "'An option is a Contract to keep an offer open for a prescribed

12 period; and, when consideration is given, the offer is irrevocable during that period.'"

13 Landberg v. Landberg, 24 Cal.App.3d 742 , 751 (1972) (quoting 1 Witkin, Summary of Cal.

14 Law, § 51, p. 57.)  Because option contracts create an irrevocable offer for a specified period,

15 any attempt to revoke a valid option by the optionor during that period is construed as an

16 anticipatory repudiation, giving the optionee the choice to sue at the time of the anticipatory

17 repudiation or wait until the time of performance and "exercise his remedies for actual breach

18 if a breach does in fact occur at such time."  Taylor v. Johnston, 15 Cal.3d 130, 137 (1975).

19 Thus, critical in the determination of whether the statute of limitations has run on Plaintiff's

20 causes of action based on the written agreement and whether his options expired prior to 2007,

21 is the time for performance under the agreement.

22       A stock option issued to an employee by his or her corporate employer remains in force

23 only for the time expressly stated therein, or if no time limit is set forth, for a reasonable time.

24 Polinsky v. Vaughan, 268 Cal.App.2d 183, 189 (1968).  "The question of what constitutes a

25 reasonable time is ordinarily one of fact, to be determined from all the circumstances of the

26 particular case. Where the facts are not disputed, the question is one of law."  Alpern v.

27 Mayfair Markets, 118 Cal.App.2d 541, 547 (1953) (citation omitted).  "The facts to be

28 considered in determining the question include, among others, the conduct of the parties, delay

1    to act, acquiescence in delay, whether the delay is for unfair purposes, the construction which

2    the parties themselves placed upon their contract, and whether the optionee acts within such

3    time as will work no injury to the other party."  Id.

4         The Offer Letter of employment in April 2000, which granted Diorio stock options,

5    included 5,000 shares at an option price of $2.50 per share upon signing.  (Pltf's Opp. to Def's

6    Stmt. of Uncontroverted Material Facts ISO Mot for Summ. Jdgmt. ("Pl.'s Facts") ¶¶ 1, 10;

7    Doc. No. 26, Ex. 11.)  Defendants assert that the EBI 1999 Employee Stock Option Plan

8    supplied the missing terms and is incorporated into the Offer Letter, which provides that any

9    options granted pursuant to the Plan expire upon termination of employment or within five

10   years from the date of grant.  (Doc. No. 20 at 6–7.)  Diorio contends that he never knew the

11   EBI 1999 Employee Stock Option Plan existed until EBI's denial of his demand to exercise

12   in 2007 and that the Offer Letter is fully integrated and therefore silent as to time for exercise,

13   giving Diorio a reasonable period of time in which to exercise the options.  (Doc. No. 25,

14   Diorio Decl. ¶ 12; Doc. No 24 at 7–8, 13.)  Under either construction of the effect of the 1999

15   Plan, Plaintiff's claims fail.

16        Assuming the 1999 Plan does control, Diorio's causes of action based on the written

17   agreement fail. In October 2000, roughly six months after he started working at EBI, Diorio

18   and EBI mutually agreed to end the employment relationship.  (Pl.'s Facts ¶13.)  At the time

19   he left the company, Diorio asked Michael Repole, a senior officer of EBI, for the procedure

20   for exercising the option for the 5,000 shares, to which Repole responded, "You're not getting

21   any."  (Doc. No. 26, Ex. 1, Diorio Dep. 168:16–20.)  Diorio did not think it was right of

22   Repole to deny him the options in 2000 and that it was a breach of the Offer Letter, but did not

23   take any action attempting to exercise the options until 2007.  (Id. 170:6–11, 171:5–8; Pl.'s

24   Facts ¶ 21.)  Diorio could have sued when Repole unequivocally repudiated his options in

25   October 2000 or waited for the time of performance and sue for breach.  Diorio did not sue for

26   anticipatory breach in 2000 and did not exercise his options within the time for performance

27   under the 1999 Plan as he did not attempt to exercise until June 8, 2007, when he sent by

28   overnight mail a letter providing written notice of exercise and tendering a check in the amount

of $12,500.  (Pl.'s Facts ¶ 32.) The Plan provided that options expire upon termination of employment or five years after the date of grant, in this case April 2005.  (Doc. No. 20, Ex. H, 1999 Plan §§10.1, 7.3, 9.3.)  Therefore, any causes of action based upon the anticipatory repudiation of the written agreement accrued in 2000 and are barred by the applicable statute of limitations of four years, as Diorio brought this action in 2008.  Diorio also failed to exercise his options within the time period  prescribed by the 1999 Plan, and thus no breach of contract occurred in 2007 when Diorio attempted to exercise expired options.

Even if the 1999 Plan does not apply to the grant of options in the Offer Letter, Diorio could have brought suit based on Repole's anticipatory repudiation in 2000 or at the time performance was due under the Offer Letter, within a reasonable period of time. See Alpern, 118 Cal.App.2d at 547 (holding reasonable time a question of law when facts not in dispute). Diorio opted not to sue based on Repole's anticipatory breach in 2000, and thus the statute of limitations has run on any claim under that theory.  Diorio argues that his attempt to exercise his options in 2007, over seven years since the grant of options and over six and one half years since his separation from EBI was within a reasonable time and Defendants breached the contract at that time.  (Id. at 13.)

The Court concludes that Diorio's attempt to exercise his options seven years after EBI granted the options and over six and one half years after his termination of employment with EBI is not within a reasonable period of time.  The facts are not disputed in this case that Diorio was granted the options in April 2000, that his employment with EBI ended in October 2000, that he choose not to take any action until 2007 because he wanted to avoid the costs of an attorney and could not locate his Offer Letter.  (Pl.'s Facts ¶¶ 10, 13, 21, 22.)  He also contends that he eventually located his Offer Letter in his home.  (Id. ¶ 25.) He admits that he did not attempt to exercise his options until the merger between Coke and EBI became public in 2007.  (Id. ¶ 27.)  Diorio believed at the time of signing the Offer Letter that he would receive concrete information regarding the exercise of his options.  (Id. ¶ 7.)  Under the circumstances of this particular case, over seven years after the granting of options and over six and one half years after the termination of the employment relationship is not within a

1  reasonable time to exercise stock options.  Accordingly, Diorio's attempt to exercise options

2  in 2007 was an attempt to exercise expired options.  Therefore, Diorio's causes of action based

3  on the Offer Letter fail, as he had no right to exercise in 2007.

4      Because Diorio cannot establish essential elements with respect to these causes of action

5  under either interpretation of the effect of the 1999 Plan, the Court grants Defendants' motion

6  for summary judgment on these causes of action.

7      **2.    Negligent Misrepresentation and Fraud Deceit-Concealment/Intentional**

8  **Misrepresentation**

9      Plaintiff's causes of action for negligent misrepresentation and fraud deceit-

10 concealment/intentional misrepresentation are actions "for relief on the ground of fraud or

11 mistake," and are thus subject to a three year statute of limitations. CAL. CODE CIV. PRO. §

12 338(d).    Diorio's causes of action for negligent misrepresentation and fraud deceit-

13 concealment/intentional misrepresentation are barred by the statute of limitations.  Diorio

14 alleges that  EBI made negligent representations to Diorio that he would be granted stock

15 options for 5000 shares without any time limitation in April 2000 and that these representations

16 were false because EBI had placed a limitation on the right of Plaintiff to exercise his stock

17 options. (Compl. ¶¶ 38–43.)  However, Diorio admitted in his deposition that he believed at

18 the time of signing the employment contract that he would receive concrete information

19 regarding the procedures for exercising his options and asked Repole during and at the

20 termination of his employment for such information.  (Doc. No. 26, Ex. 1, Diorio Dep.

21 166:4–13, 167:6–12, 168:16–20.)  Thus, Diorio knew in 2000 that there were additional terms

22 related to his stock options and knew that Repole was wrong in denying him the information

23 regarding the exercise of such options and that such information existed.  Because Diorio knew

24 that he was wronged in 2000 regarding the provision of additional terms to his right to exercise

25 the stock options, the statute of limitations of three years has run.

26      Similarly, Diorio alleges that from April 2000 to July 2007, EBI failed and omitted to

27 disclose information concerning its 1999 Plan to Diorio and led Diorio to believe that he would

28 be able to exercise his stock options at his will. (Compl. ¶¶ 60–61.)  However, Diorio was

aware in 2000 that there was other information he needed in order to exercise his stock options and Repole did not deny that this information existed.  Repole failed to deliver the information to Diorio, and Diorio believed in 2000 that the denial of this information and Repole's statement that Diorio would not get any stock options were wrong.  (Pl.'s Facts ¶ 19.)  Therefore, Diorio's cause of action for fraud accrued in 2000.  Accordingly, the three year statute of limitations has run.  The Court, therefore, grants Defendants' motion for summary judgment on Plaintiff's causes of action for negligent misrepresentation and fraud.

### 3.  California Business & Professions Code § 17200

Plaintiff's cause of action for violations of California Business and Professions Code § 17200 is subject to a four year limitations period.  CAL. BUS. & PROF. CODE § 17208.  Plaintiff alleges that Defendants violated § 17200 by failing to notify him of the pending merger between EBI and Coke in 2007 and failed to accord him his rights and interests according to the Offer Letter and the Merger Plan.  (Compl. ¶¶ 71–75.)  Although Diorio's cause of action under § 17200 is not barred by the four year statute of limitations, because Diorio's cause of action for a violation of § 17200 necessarily relies on his other asserted causes of action, this too must fail.  As explained above, Diorio was not entitled to exercise his stock options in 2007 as they had expired, and therefore EBI owed Diorio no duty to notify him of rights under the Merger Plan to which Diorio was not entitled.  Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiff's cause of action for a violation of California Business & Professions Code § 17200.

### C.  The Merger Plan

Defendants assert that even if Plaintiff had valid options at time of the merger between Coke and EBI, Diorio's tender to EBI to obtain EBI stock on June 8, 2007, one day after the completion of the merger, was an untimely legal nullity as EBI stock ceased to exist in any form as of the date of the merger.  (Doc. No. 20 at 13.)  Defendants also assert that Diorio is not entitled to an option holder's cash payment under the Merger Plan because his options were not granted under a Company Equity Plan as defined in the Merger Plan.  (Doc. No. 29 at 5.)  Plaintiff asserts that his options were not extinguished by the Merger because the

1    dissolving corporation's liabilities, according to Plaintiff the options contract, became the

2    liabilities of the survivor.  (Doc. No. 24 at 19–20.)

3         Although the Court grants Defendants' motion for summary judgment on all causes of

4    action as discussed above, the Merger Plan also likely bars Plaintiff's causes of action for

5    breach of contract, quasi contract-unjust enrichment, promissory estoppel, and breach of the

6    implied covenant of good faith and fair dealing.  The Merger Plan clearly states that, "At the

7    Effective Time, any shares of Company Common Stock that are owned by the Company

8    immediately prior to the Effective Time shall be cancelled and extinguised without any

9    conversion thereof and without payment of any consideration therefor and any shares of

10   Company Common Stock that are owned by Merger Sub shall likewise be cancelled."  (Doc.

11   No. 20, Ex. E at 16, Merger Plan §2.7(b).)   The Merger Plan defines "Effective Time" as the

12   time when certificates of merger are filed with the Secretaries of State of New York and

13   Delaware.  (Id. § 2.3.)  The merger was completed on June 7, 2008. (Pl.'s Facts ¶ 33; Doc. No.

14   20, Ex. F, Delaware Certificate of Merger; Ex. G, New York Certificate of Merger.)    Thus,

15   at the time of Diorio's attempted exercise of his option on June 8, 2007, EBI stock had ceased

16   to exist, making performance of any contract for the purchase of EBI stock impossible to

17   perform.  Plaintiff's argument that an options contract to purchase stock specifically cancelled

18   by a merger agreement and plan becomes the liability of the surviving corporation does not

19   save Plaintiff's complaint against Defendants.  Even assuming that Diorio had valid options

20   at the time of merger, those options were only a potential liability of EBI's.  Accordingly,

21   Defendants are entitled to summary judgment as Plaintiff's complaint fails as a matter of law

22   as any contractual obligation Defendants arguably had with respect to Diorio's options became

23   impossible to perform upon the cancellation of EBI stock.

24        The Merger Plan also bars any claim by Plaintiff for a cash payment.  Under the Merger

25   Plan, "Each Company Option granted under any Company Equity Plan that is outstanding

26   immediately prior to the Effective Time, whether or not then exercisable, will be canceled as

27   of the Effective Time in exchange for the right to receive a cash payment."  (Doc. No. 20, Ex.

28   E at 16, Merger Plan § 2.7(c)(i).)  "Company Equity Plan" is defined under the Merger Plan

as, "the Energy Brands, Inc. 2003 Stock Option and Restricted Stock Plan, the Energy Brands, Inc. 2000 Non Qualified Stock Option Plan, the 2000 Non Qualified Directors Stock Option Plan, the Energy Brands 2006 Employee Stock Option Plan, and the Energy Brands 2006 Non Employee Stock Option Plan." (Id. at 4.)  Plaintiff does not allege that he was granted options under any of these stock option plans and argues fervently against the 1999 Plan applying to the options granted to him in the Offer Letter.  As the Merger Plan does not provide for a cash payout to any employee other than those granted options under the named Company Equity Plans, Plaintiff's claim for a cash payout under the Merger Plan fails.

**Conclusion**

Based on the reasons set forth above, the Court GRANTS Defendants EBI and Coke's motion for summary judgment on all causes of action.

**IT IS SO ORDERED.**

DATED: February 24, 2009

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

08cv418